In the Matter of RICHARD DENNIS SIMON, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 31, 1992

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Westbury *(Grace D. Moran* of counsel), for petitioner.

*Richard D. Simon,* Hauppauge, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with two

allegations of professional misconduct. The Special Referee sustained both charges. The petitioner moves to confirm the report of the Special Referee. The respondent cross-moves to disaffirm the findings of the Special Referee.

Charge One alleged that the respondent has converted to his own use and benefit moneys which he knew or should have known belonged to American Helicopter Corporation (hereinafter American Helicopter). In or about June 1988, the respondent, at the request of Jack B. Solerwitz, agreed to deposit a certain check into the respondent's bank account. On or about June 8, 1988, the respondent received the check from Solerwitz. The check, dated May 31, 1988, was drawn on the Special Account of United States Aviation Underwriters, maintained at Chemical Bank, and was payable to American Helicopter in the amount of $121,000. The aforementioned check bore a restrictive endorsement by American Helicopter Corporation to Jack B. Solerwitz, as attorney, for deposit into his escrow account. On June 8, 1988, the respondent deposited the aforementioned check into his escrow account.

On June 10, 1988, the respondent issued a check drawn on his escrow account, payable to Jack B. Solerwitz, as attorney, in the amount of $100,000. The memo and the check states that it is for the American Helicopter settlement. On June 14, 1988, the respondent issued a check drawn on the aforementioned escrow account, payable to himself, in the amount of $21,000. The United States Aviation Underwriters' check represented the settlement of a claim brought by American Helicopter for damage to one of its helicopters.

Charge Two alleged that the respondent has engaged in conduct involving dishonesty, fraud, deceit and misrepresentation and conduct that adversely reflects on his fitness to practice law. Following the events set forth in Charge One, the respondent was contacted by Frederick Miller, Esq., of the Lawyers' Fund for Client Protection, who requested that the respondent turn over the $21,000 which he had retained from the proceeds of the check payable to American Helicopter.

By letter dated November 6, 1989, addressed to Frederick Miller, Esq., the respondent stated that he would not make payment to either the Fund or the claimants because he did not have sufficient facts regarding the relationship between the claimants and Solerwitz. The respondent further stated that Solerwitz had told him that the check had been turned over as payment of a legal fee. The respondent actually knew,

as of June 10, 1988, that the check represented a settlement to American Helicopter.

After reviewing all of the evidence adduced, we find that the Special Referee properly sustained both of the charges of professional misconduct alleged against the respondent. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion to disaffirm is denied.

In determining the appropriate measure of discipline to impose, we have taken into consideration the Letter of Caution and the Letter of Admonition issued to the respondent on August 3, 1988, and the respondent's refusal to in any way take responsibility for his actions or to accept the fact that his misuse of escrow funds constitutes professional misconduct. Under the circumstances, the respondent is disbarred.

MANGANO, P. J., THOMPSON, SULLIVAN, HARWOOD and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Richard Dennis Simon is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent Richard Dennis Simon is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.